FILED - USDC -NH
2025 AUG 25 PM 1:58

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

GEORGE J. DENONCOURT II,

    Plaintiff,

v.

TD BANK, N.A.;
THE TORONTO-DOMINION BANK;
RAYMOND CHUN, in his individual capacity
as CEO of TD Bank, N.A.;
JANE DOE a.k.a. "STEPHANIE," Bank Teller;
JENNIFER GLYNN, Assistant Branch Manager,

    Defendants.

Civil Action No. _____

JURY TRIAL DEMANDED

COMPLAINT AND DEMAND FOR JURY TRIAL

**I. INTRODUCTION**

1. This action arises from a criminal assault upon a 77-year-old disabled veteran by employees of a federally supervised criminal enterprise. When Plaintiff questioned why a teller needed his PIN to "get into" an account she had already accessed, he was falsely accused of federal felonies and assaulted so severely he required hospitalization.

2. TD Bank operates under criminal probation following its October 10, 2024 guilty plea to money laundering that facilitated 126,564 excess synthetic opioid deaths. *United States v. TD Bank, N.A.*, No. 2:24-cr-00667-ES (D.N.J.).

3. Under FinCEN Consent Order, TD Bank must report all employee crimes to monitor Guideposts Solutions LLC within 72 hours.

4. Despite this assault occurring on June 11, 2025, TD Bank has concealed it from federal authorities using the same "HR confidentiality" excuse that enabled its money laundering crimes.

## II. JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 based on violations of RICO (18 U.S.C. § 1961 et seq.), the First Amendment, the Americans with Disabilities Act (42 U.S.C. § 12182), and the Crime Victims' Rights Act (18 U.S.C. § 3771).

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332 as Plaintiff is a citizen of New Hampshire, corporate defendants are citizens of Delaware and Canada, and the amount in controversy exceeds $75,000.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over state law claims arising from the same nucleus of operative facts.

8. Personal jurisdiction exists over Canadian defendants under NH RSA 510:4 (Long Arm Statute) as they purposefully conducted banking operations in New Hampshire that gave rise to these claims.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) as all events giving rise to the claims occurred in this district.

## III. PARTIES

10. Plaintiff George J. Denoncourt II is a 77-year-old resident of North Hampton, New Hampshire, and a 100% service-connected disabled veteran.

11. Defendant TD Bank, N.A. is a national banking association organized under federal law with its principal place of business in Cherry Hill, New Jersey. It operates under criminal probation following conviction for money laundering.

12. Defendant The Toronto-Dominion Bank is a Canadian corporation that owns and controls TD Bank, N.A.

13. Defendant Raymond Chun is CEO of TD Bank, N.A. and is sued in his individual capacity for ratifying criminal conduct.

14. Defendant Jane Doe a.k.a. "Stephanie" is a bank teller at TD Bank's North Hampton branch whose last name TD Bank refuses to disclose.

15. Defendant Jennifer Glynn is Assistant Branch Manager at TD Bank's North Hampton branch.

## IV. STATEMENT OF FACTS

### A. TD Bank's Criminal Status

16. On October 10, 2024, TD Bank pled guilty to conspiracy to violate the Bank Secrecy Act and conspiracy to commit money laundering, paying $3.09 billion in criminal penalties.

17. During TD Bank's criminal conduct (2019-2023), approximately 126,564 Americans died from excess synthetic opioid overdoses attributable to the increased drug supply TD Bank's money laundering facilitated.

18. FinCEN Order found that TD Bank's HR departments knew about criminal employees but concealed their crimes, the exact pattern repeated here.

### B. The June 11, 2025 Assault

19. On June 11, 2025, Plaintiff visited TD Bank's North Hampton branch to make a routine withdrawal.

20. Plaintiff presented his valid New Hampshire driver's license to teller "Stephanie" and requested a withdrawal slip.

21. Stephanie asked if there were debit cards on the account. Plaintiff said yes. She asked if he had them. He said no. She asked if he knew his PIN. He said yes but wanted to use a withdrawal slip.

22. Stephanie then claimed she needed Plaintiff's PIN to "get into" his account, despite having already accessed it to see the debit cards.

23. This was fraudulent: (a) she was already in the account; (b) tellers process withdrawals with licenses, not PINs; (c) PINs are for ATM/debit use only; (d) a PIN cannot validate a photo ID.

24. When Plaintiff questioned this suspicious PIN request, Stephanie responded with extreme violence, making four separate false accusations of federal felonies:

- First: "You could be committing identity theft" (18 U.S.C. § 1028 - 15 years)
- Second: Repeated the identity theft accusation
- Third: "This license could be fake" (18 U.S.C. § 1028(a)(3) - 7 years)
- Fourth: Repeated the fraudulent ID accusation

25. These accusations were made loudly in the public banking area before other customers.

26. When Plaintiff said he resented being made out to be a liar, Stephanie shouted "I did not call you a liar!" repeatedly, preventing him from explaining to the Assistant Manager.

27. Assistant Manager Jennifer Glynn then joined the assault, stating "I don't like customers coming in and being rude to my tellers."

28. Glynn called Plaintiff "rude and cruel" and demanded he apologize to the teller who had just defamed him.

29. Glynn positioned herself intimidatingly close to Plaintiff and began shouting "Right?" at him repeatedly, each time louder, at least six times.

30. Plaintiff, fearing Glynn might physically touch him, was visibly shaking, face red, legs trembling, requiring the counter for support.

31. Another teller processed Plaintiff's withdrawal normally using only his driver's license, proving Stephanie's PIN demand was fraudulent.

32. The assault caused Plaintiff's blood pressure to spike to 185/110, requiring 60 hours of bedrest and ongoing medical monitoring.

**C. The Cover-Up**

33. TD Bank refuses to identify the employees, claiming "HR confidentiality."

34. Despite FinCEN Order requirements to report employee crimes within 72 hours, TD Bank has not reported this assault.

35. On July 17, 2025, attorney Elizabeth Lacombe fraudulently contacted Plaintiff pretending to be an independent investigator, extracting his litigation strategy.

36. This obstruction continues daily, violating federal supervision requirements.

## V. MEMORANDUM OF LAW

### A. Defamation Per Se Under New Hampshire Law

37. False accusations of crimes constitute defamation per se with presumed damages. *Pierson v. Hubbard*, 147 N.H. 760, 764 (2002) ("accusations of criminal conduct are defamatory per se"). Each separate utterance creates new liability. *Keeton v. Hustler Magazine*, 465 U.S. 770 (1984) (each publication is separate tort).

38. The conduct meets RSA 644:11's criminal defamation standard, upheld as constitutional in *Frese v. Formella*, 91 F.4th 571 (1st Cir. 2022), demonstrating the extreme nature warranting damages comparable to *Anagnost v. Gill*'s $274.5 million verdict.

### B. First Amendment Compelled Speech

39. Government cannot compel individuals to speak against their beliefs. *Wooley v. Maynard*, 430 U.S. 705 (1977); *West Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943). Recent authority confirms this protection extends to compelled statements. *Agency for Int'l Dev. v. Alliance for Open Society Int'l*, 570 U.S. 205 (2013); *Janus v. AFSCME*, 138 S. Ct. 2448 (2018).

### C. ADA Public Accommodation Claims

40. Banks are places of public accommodation under Title III. 42 U.S.C. § 12182(a). Discrimination based on perceived disability violates the ADA. *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119 (2005). Mistaking elderly status for confusion and providing differential treatment constitutes discrimination.

### D. Elder Abuse Enhanced Remedies

41. RSA 161-F:43 defines "elderly adult" as 60 or older. RSA 161-F:46 provides enhanced civil remedies including compensatory and consequential damages. *State v. Hanson*, 172 N.H. 48 (2019) (elder abuse statutes broadly construed for protection).

### E. State Law Tort Claims

42. **Assault:** Reasonable apprehension of imminent harmful contact suffices. *State v. Comm'r of Mental Health*, 173 N.H. 246 (2020). Manager positioning herself threateningly close while shouting created apprehension.

43. **IIED:** Conduct exceeding all bounds of decency toward vulnerable victim. *Morancy v. Morancy*, 134 N.H. 493 (1991). Forcing elderly veteran to apologize to person who falsely accused him of federal crimes qualifies.

44. **Negligence:** Banks owe heightened duties to elderly customers. *Walls v. Oxford Management Co.*, 137 N.H. 653 (1993) (premises liability); *Spherex, Inc. v. Alexander Grant & Co.*, 122 N.H. 898 (1982) (professional negligence).

45. **Negligent Supervision:** Employers liable for failing to supervise employees with known propensities. *Marquay v. Eno*, 139 N.H. 708 (1995). TD Bank's criminal culture created duty to supervise.

### F. Contract Claims

46. Account agreements include implied covenant of good faith. *Centronics Corp. v. Genicom Corp.*, 132 N.H. 133 (1989). Refusing legitimate withdrawal while demanding PIN fraudulently breaches covenant.

### G. Respondeat Superior

47. Employers liable for employee torts within scope of employment. *Averill v. Cox*, 145 N.H. 328 (2000). Banking transactions during business hours fall within scope.

### H. Damages Justification

48. New Hampshire recognizes substantial damages for reputational harm. The $274.5 million *Anagnost* verdict for false criminal accusations on billboards provides context. Here, four false federal felony

accusations by a convicted criminal enterprise against an elderly veteran, causing documented physical injury and constitutional violations, justifies $75 million as conservative.

49. Under *BMW v. Gore*, 517 U.S. 559 (1996), reprehensibility is the most important factor. Targeting vulnerable elderly victims by a criminal enterprise on probation represents extreme reprehensibility.

50. The egregiousness factors compound: (1) criminal enterprise context (×2); (2) abuse of quasi-police authority (×2); (3) vulnerable elderly victim (×2); (4) constitutional violations (×2). These factors justify enhanced compensatory damages without reaching punitive damages prohibited under New Hampshire law.

## VI. THIS ACTION IS NOT DUPLICATIVE OF NJ PROCEEDINGS

51. Plaintiff has moved to intervene in TD Bank's criminal case in the District of New Jersey, *United States v. TD Bank, N.A.*, No. 2:24-cr-00667-ES, seeking rights as a crime victim under 18 U.S.C. § 3771.

52. That proceeding cannot provide the relief sought in this action:

- The District of New Jersey cannot award civil damages for New Hampshire state law torts
- The District of New Jersey cannot adjudicate defamation claims under New Hampshire common law
- The District of New Jersey cannot grant injunctive relief for private civil rights violations
- The District of New Jersey cannot award compensatory damages of $75 million for personal injuries
- The District of New Jersey cannot exercise supplemental jurisdiction over state law claims unrelated to the federal criminal prosecution

53. Conversely, this Court cannot provide the relief Plaintiff seeks in the New Jersey criminal proceeding:

- This Court cannot enforce TD Bank's Deferred Prosecution Agreement

- This Court cannot grant crime victim rights under the Crime Victims' Rights Act in another court's criminal case

- This Court cannot supervise TD Bank's federal criminal probation

- This Court cannot order restitution as part of criminal sentencing

- This Court cannot determine violations of FinCEN Consent Orders entered in another jurisdiction

54. The proceedings seek entirely different relief that neither court can provide for the other. No res judicata or collateral estoppel issues exist because:

- Different parties: United States v. TD Bank (criminal) versus Denoncourt v. TD Bank (civil)

- Different claims: Criminal probation violations versus civil tort and constitutional claims

- Different relief: Probation enforcement versus monetary damages and civil injunctions

- Different standards: Criminal supervision versus civil liability

55. Dismissal of this action would deny Plaintiff remedies available only in this forum, constituting irreparable harm and denial of due process.

## VII. CAUSES OF ACTION

### COUNT I: VIOLATION OF CRIMINAL PROBATION
### (Notice Claim Against All Corporate Defendants)

56. Plaintiff incorporates all preceding paragraphs.

57. TD Bank operates under criminal probation requiring reporting of all employee crimes.

58. The assault on Plaintiff constitutes multiple crimes TD Bank has concealed.

59. This violation demonstrates the ongoing criminal enterprise.

### COUNT II: DEFAMATION PER SE (First Statement)
### (Against TD Bank and Jane Doe)

60. Plaintiff incorporates all preceding paragraphs.

61. Jane Doe's first accusation of identity theft constitutes defamation per se.

62. Accusing someone of a crime carrying 15 years imprisonment is defamation per se under *Pierson v. Hubbard*, 147 N.H. 760 (2002).

63. Damages are presumed. Given New Hampshire's $274.5 million verdict in *Anagnost v. Gill* (2017), Plaintiff seeks $15 million.

### COUNT III: DEFAMATION PER SE (Second Statement)
### (Against TD Bank and Jane Doe)

64. Plaintiff incorporates all preceding paragraphs.

65. Jane Doe's second identity theft accusation constitutes separate defamation per se.

66. Each repetition creates new publication and new damages.

67. Plaintiff seeks $15 million for this separate defamation.

## COUNT IV: DEFAMATION PER SE (Third Statement)
## (Against TD Bank and Jane Doe)

68. Plaintiff incorporates all preceding paragraphs.

69. Jane Doe's first accusation of possessing fraudulent government documents constitutes defamation per se.

70. This different federal felony accusation creates separate harm.

71. Plaintiff seeks $15 million for this defamation.

## COUNT V: DEFAMATION PER SE (Fourth Statement)
## (Against TD Bank and Jane Doe)

72. Plaintiff incorporates all preceding paragraphs.

73. Jane Doe's second fraudulent document accusation constitutes separate defamation per se.

74. Each repetition creates new liability.

75. Plaintiff seeks $15 million for this fourth defamation.

## COUNT VI: CRIMINAL THREATENING
## RSA 631:4
## (Against All Defendants)

76. Plaintiff incorporates all preceding paragraphs.

77. Defendants, as bank officials with authority to file criminal reports and detain suspects, falsely accused Plaintiff of federal felonies.

78. Making false criminal accusations while in position of authority constitutes an implicit threat of prosecution.

79. A reasonable 77-year-old, when falsely accused of federal crimes by bank officials, would fear potential arrest or prosecution.

80. The threatening nature of false criminal accusations from those in authority positions supports enhanced civil damages.

## COUNT VII: CRIMINAL COERCION
## RSA 637:5
### (Against Jennifer Glynn and TD Bank)

81. Plaintiff incorporates all preceding paragraphs.

82. Glynn demanded Plaintiff apologize to the teller who had just accused him of federal felonies.

83. This demand occurred immediately after four false accusations of crimes carrying 7-15 year sentences.

84. When bank officials accuse a customer of federal crimes then demand compliance, a reasonable person would understand non-compliance could result in police involvement.

85. The teller leaving her station after the accusations reinforced the implicit threat of law enforcement.

86. Demanding apology under these coercive circumstances—where refusing could reasonably be perceived as escalating a "criminal" situation—constitutes criminal coercion.

87. This violation enhances damages under the egregiousness doctrine.

## COUNT VIII: ASSAULT
### (Against All Defendants)

88. Plaintiff incorporates all preceding paragraphs.

89. Defendants placed Plaintiff in reasonable apprehension of imminent harmful contact.

90. Glynn positioned herself threateningly close while shouting.

91. Plaintiff feared she would touch or grab him.

92. The assault caused documented physical injury.

## COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

93. Plaintiff incorporates all preceding paragraphs.

94. Falsely accusing a 77-year-old veteran of federal felonies is extreme and outrageous.

95. Trying to force him to apologize to his defamer exceeds all bounds of decency.

96. Defendants acted egregiously with intent and were reckless and malicious.

97. Plaintiff suffered severe emotional distress with physical manifestation.

## COUNT X: FIRST AMENDMENT - COMPELLED SPEECH
### (Against All Defendants)

98. Plaintiff incorporates all preceding paragraphs.

99. Banks operating under federal charter and BSA authority are state actors for constitutional purposes.

100. Defendants attempted to compel Plaintiff to speak against his will by demanding apology.

101. Compelled speech violates the First Amendment. *Wooley v. Maynard*, 430 U.S. 705 (1977).

102. This constitutional violation justifies substantial damages.

## COUNT XI: RICO VIOLATION

## 18 U.S.C. § 1962(c)

## (Against All Corporate Defendants)

103. Plaintiff incorporates all preceding paragraphs.

104. TD Bank and Toronto-Dominion constitute an enterprise engaged in interstate commerce.

105. Defendants conducted the enterprise through a pattern of racketeering activity including:

- Money laundering (2012-2024)
- BSA violations (2012-2024)
- Wire fraud (July 17, 2025 fraudulent call)
- Mail fraud (correspondence concealing crimes)
- Obstruction of justice (concealing assault from monitor)
- Witness tampering (preventing victim reporting)
- State law felonies (assault, threatening, coercion)

106. Plaintiff suffered injury and aggravation of disabilities.

107. RICO entitles Plaintiff to treble damages.

## COUNT XII: RICO CONSPIRACY

## 18 U.S.C. § 1962(d)

## (Against All Defendants)

108. Plaintiff incorporates all preceding paragraphs.

109. Defendants conspired to violate 18 U.S.C. § 1962(c).

110. Each defendant agreed to participate in the enterprise.

111. Overt acts include the assault, cover-up, and obstruction.

## COUNT XIII: ADA VIOLATIONS
## 42 U.S.C. § 12182
### (Against TD Bank)

112. Plaintiff incorporates all preceding paragraphs.

113. TD Bank is a place of public accommodation.

114. Defendants discriminated against Plaintiff based on perceived disability, believing him vulnerable due to age.

115. Plaintiff suffered differential treatment not experienced by non-disabled customers.

116. Plaintiff is entitled to injunctive relief and damages.

## COUNT XIV: ELDER ABUSE
## RSA 161-F:43 et seq.
### (Against All Defendants)

117. Plaintiff incorporates all preceding paragraphs.

118. Plaintiff is an "elderly adult" under RSA 161-F:43 as he is over 60.

119. Defendants subjected him to emotional abuse causing physical harm.

120. Elder abuse provides enhanced remedies including treble damages.

## COUNT XV: CONSUMER PROTECTION ACT
## RSA 358-A
### (Against TD Bank)

121. Plaintiff incorporates all preceding paragraphs.

122. TD Bank engaged in unfair and deceptive trade practices.

123. Fraudulent PIN requests constitute deceptive practices.

124. Plaintiff is entitled to treble damages and attorney's fees.

## COUNT XVI: BREACH OF CONTRACT

### (Against TD Bank)

125. Plaintiff incorporates all preceding paragraphs.

126. Plaintiff's account agreement entitles him to proper banking services.

127. TD Bank breached by refusing legitimate withdrawal and assaulting him.

128. The breach caused damages.

## COUNT XVII: NEGLIGENCE

### (Against All Defendants)

129. Plaintiff incorporates all preceding paragraphs.

130. Defendants owed duties of reasonable care to elderly customers.

131. Defendants breached these duties through assault and false accusations.

132. The breach proximately caused Plaintiff's injuries.

## COUNT XVIII: NEGLIGENT SUPERVISION

### (Against Corporate Defendants and Raymond Chun)

133. Plaintiff incorporates all preceding paragraphs.

134. Corporate defendants had duty to properly supervise employees.

135. They knew or should have known of criminal propensities given TD Bank's criminal culture.

136. Failure to supervise proximately caused Plaintiff's injuries.

## COUNT XIX: RESPONDEAT SUPERIOR

### (Against TD Bank and Toronto-Dominion)

137. Plaintiff incorporates all preceding paragraphs.

138. Jane Doe and Jennifer Glynn acted within scope of employment.

139. Their tortious conduct occurred during work hours at TD Bank.

140. TD Bank entities are vicariously liable for employee torts.

## VIII. DAMAGES

141. As direct and proximate result of Defendants' conduct, Plaintiff suffered:

**A. DEFAMATION PER SE:** Four separate false felony accusations, each carrying presumed damages. Based on New Hampshire's $274.5 million verdict in *Anagnost v. Gill* for false criminal accusations, Plaintiff conservatively values each at $15 million. Total: $60 million.

**B. PHYSICAL INJURY:** Blood pressure spike to 185/110, 60 hours bedrest, ongoing medical monitoring. $5 million.

**C. EMOTIONAL DISTRESS:** Severe trauma from attempted forced apology to defamer, ongoing banking phobia. $5 million.

**D. CONSTITUTIONAL VIOLATION:** First Amendment attempted compelled speech by state actor. $5 million.

142. Total compensatory damages: $75 million.

143. Under the egregiousness doctrine recognized by the First Circuit and New Hampshire Supreme Court, Plaintiff's damages are enhanced due to Defendants' particularly egregious conduct: targeting a 77-year-old veteran, using quasi-police powers to threaten federal prosecution, attempting to coerce false confession, violating constitutional rights, and committing these acts while on criminal probation for crimes that killed 126,564 Americans.

144. Plaintiff is entitled to treble damages under RICO and RSA 358-A.

145. Plaintiff is entitled to attorney's fees and costs.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A. Award compensatory damages of $75 million;

B. Award treble damages under RICO and Consumer Protection Act;

C. Award enhanced damages under the egregiousness doctrine;

D. Enter injunction requiring TD Bank to:

- Identify all involved employees
- Report assault to federal monitor
- Implement elderly customer protections
- Cease fraudulent PIN requests

E. Award costs and attorney's fees;

F. Grant such other relief as justice requires.

## JURY DEMAND

Plaintiff demands trial by jury on all claims so triable.

Respectfully submitted,

*[signature]*

George J. Denoncourt II, Pro Se

PO Box 631

North Hampton, NH 03862

Dated: August 25, 2025